UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY J. SCHWARZ,

    Petitioner,

v.

KEVIN LINDSEY,

    Respondent.
_____/

Case No. 18-cv-13531

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER DENYING THE MOTION FOR EQUITABLE TOLLING [11], GRANTING THE STATE'S MOTION TO DISMISS [9], DISMISSING THE HABEAS PETITION [1] WITH PREJUDICE, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

## I. INTRODUCTION

This is a habeas corpus case brought under 28 U.S.C. § 2254. Michigan prisoner Terry J. Schwarz ("Petitioner") was convicted in 2012 of two counts of criminal sexual conduct ("CSC"), Mich. Comp. Laws §§ 750.520(b) and 750.520(c), failure to comply with the Sex Offenders Registration Act ("SORA"), Mich. Comp. Laws § 28.729(1), and residing within a student safety zone, Mich. Comp. Laws § 750.735(1). He was sentenced to life imprisonment without the possibility of parole for the first-degree CSC conviction and to lesser concurrent terms for the other convictions.

In his current petition, Petitioner raises ten claims regarding the trial court's rulings, the prosecutor's conduct, a juror's familiarity with a prosecution witness, his trial and appellate counsel's performances, and his sentence. ECF No. 1, PageID.10-34. Respondent Kevin Lindsey has filed a motion to dismiss the habeas petition as untimely. ECF No. 9, PageID.292, 306.

Petitioner admits that his habeas petition is untimely. However, he urges the Court to equitably toll the limitations period on the basis that governmental interference prevented him from filing a timely petition. ECF No. 11, PageID.1863-64, 1868; ECF No. 12, PageID.1874. For the reasons discussed below, the Court will DENY Petitioner's motion for equitable tolling and GRANT the State's motion to dismiss the petition.

## II. BACKGROUND

Following a jury trial in Lapeer County Circuit Court, Petitioner was convicted of the following crimes: first-degree CSC, Mich. Comp. Laws § 750.520b(1)(a) (sexual penetration of a person under the age of thirteen); second-degree CSC, Mich. Comp. Laws § 750.520c(1)(a) (sexual contact with a person under the age of thirteen); failure to comply with SORA, Mich. Comp. Laws § 28.729(1); and residing within a student safety zone, Mich. Comp. Laws § 28.735(1). On April 2, 2012, the state trial court sentenced Petitioner to life imprisonment without the possibility of parole for the first-degree CSC conviction. The trial court

sentenced Petitioner to concurrent terms of fifteen to twenty-two and a half years in prison for the second-degree CSC conviction, three and a half to six years in prison for the failure-to-register conviction, and 365 days in jail for the misdemeanor conviction of residing within a student safety zone, with 500 days of jail credit.

In an application for leave to appeal, Petitioner argued through counsel that: (1) the trial court's denial of his request to introduce evidence that another person committed the CSC crimes violated his right to present a defense; (2) it was reversible error to introduce the complainant's prior consistent statements; and (3) an expert witness's testimony—that it is rare for children to make false allegations of sexual assault—deprived him of due process. Petitioner also asserted that the prosecutor had improperly argued that the expert's testimony was evidence of Petitioner's guilt and that defense counsel was ineffective for failing to object to the expert witness's testimony and the prosecutor's argument.

The Michigan Court of Appeals rejected Petitioner's claims and affirmed his convictions. *See People v. Schwarz*, No. 315372, 2014 WL 2937566 (Mich. Ct. App. June 26, 2014). On March 3, 2015, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Schwarz*, 497 Mich. 971 (2015).

On September 30, 2015, Petitioner signed a *pro se* motion for relief from judgment, and on October 6, 2015, the state court filed the motion. Petitioner argued

in his motion that: (1) he was deprived of an impartial jury by a juror's admission at the conclusion of the trial that she knew one of the witnesses in the case; (2) the trial court placed an external constraint on his constitutional right to compulsory process by allowing the prosecution to substitute the complainant's testimony at the preliminary examination for her trial testimony; (3) trial counsel was ineffective for failing to make a timely objection to the expert witness's testimony and for failing to rebut the expert witness's testimony with a defense expert; (4) the trial court exceeded the sentencing guidelines and the prosecutor's previously-offered plea agreement when it sentenced Petitioner to life imprisonment without the possibility of parole; (5) appellate counsel was ineffective for failing to raise a claim about trial counsel's errors and ineffectiveness; and (6) his sentence did not adhere to the principle of proportionality, and it was cruel and unusual under the Michigan Constitution. On June 8, 2016, the state trial court denied Petitioner's motion on all grounds. *See People v. Schwarz*, No. 11-010634-FC, Op. (Lapeer Cty. Cir. Ct. June 8, 2016); ECF No. 10-16.

Petitioner appealed the trial court's decision, claiming that the trial court had abused its discretion when it denied his post-conviction motion. Petitioner also raised the same six grounds that he had raised in his post-conviction motion and an additional claim that the statutory provision requiring a mandatory non-parolable life sentence was cruel or unusual punishment under the Michigan Constitution. The

Michigan Court of Appeals denied leave to appeal because Petitioner had failed to establish that the trial court erred in denying his motion for relief from judgment. *See People v. Schwarz*, No. 336109 (Mich. Ct. App. May 12, 2017).

Petitioner raised the same eight claims in an application for leave to appeal in the Michigan Supreme Court. On March 5, 2018, the state supreme court denied leave to appeal because Petitioner had failed to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Schwarz*, 501 Mich. 981 (2018).

Petitioner subsequently filed his habeas corpus petition, raising ten claims that he presented to the state appellate courts. There is no date on the signature page of the petition, but the petition was postmarked on November 8, 2018. *See* ECF No. 1, PageID.37; ECF No. 1-2, PageID.276.

### III. DISCUSSION

**A. The Statute of Limitations**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which established a one-year period of limitation for state prisoners to file a federal application for the writ of habeas corpus. *Wall v. Kholi,* 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)). The limitations period runs from the latest of the following four dates:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). "The limitation period is tolled, however, during the pendency of 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'" *Kholi*, 562 U.S. at 550-51 (quoting 28 U.S.C. § 2244(d)(2)).

**B. Application**

Petitioner is not relying on 28 U.S.C. §§ 2244(d)(1)(B) – (D), and under § 2244(d)(1)(A), "direct review" concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

> For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review"—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

*Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). A petition for the writ of certiorari to review a judgment entered by a state court of last resort must be filed within ninety days of entry of the judgment. Sup. Ct. R. 13.1.

Petitioner did not apply for a writ of certiorari in the Supreme Court following direct review of his convictions. Therefore, his convictions became final on June 1, 2015, ninety days after March 3, 2015, when the Michigan Supreme Court denied leave to appeal on direct review. *Gonzalez*, 565 U.S. at 150; *Jimenez*, 555 U.S. at 119; *Holbrook v. Curtin*, 833 F.3d 612, 613 (6th Cir. 2016).[1]

The statute of limitations began to run on the following day. *Miller v. Collins*, 305 F.3d 491, 495 n.4 (6th Cir. 2002); Fed. R. Civ. P. 6(a)(1). It ran uninterrupted for 126 days, that is, through October 5, 2015.

### 1. Prisoner Mailbox Rule

On October 6, 2015, Petitioner filed a motion for relief from judgment in the state trial court. Petitioner contends that he filed his post-conviction motion on September 30, 2015, when he dated the motion and placed it in the prison legal mail system. ECF No. 11, PageID.1862, 1870; ECF No. 12, PageID.1873. This argument is based on the prison mailbox rule, which generally treats a *pro se* prisoner's

---

[1] When computing time in days, the Court excludes the day of the event that triggers the time period, counts every day, including intermediate weekends and legal holidays, and includes the last day of the period unless the last day was a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 26(a)(1).

7

documents as filed when the prisoner delivers the document to prison authorities for forwarding to the court clerk. *See, e.g., Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (stating that, "[u]nder the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts.").

In *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003), however, the Sixth Circuit Court of Appeals declined to apply the federal mailbox rule to the determination of the filing date for a state post-conviction motion where the state court had rejected the rule. The Sixth Circuit stated that the timeliness of a prisoner's post-conviction petition was governed by state law and that the federal court was obligated to accept a state court's interpretation of state law and rules of practice. *Id.* at 603-04.

At the time Petitioner filed his post-conviction motion, there was no Michigan Court Rule that established a mailbox rule for post-conviction motions filed in state court. The mailbox rule applied only to appeals. *See* Mich. Ct. R. 7.105, Staff Comment to the February 25, 2010 Amendment; *see also* Mich. Ct. R. 7.204(A)(2)(e) and the Staff Comment to the 2010 Amendment; Mich. Ct. R. 7.205 (A)(3) and the Staff Comment to the 2010 Amendment; and Mich. Ct. R. 7.305(C)(5).

Petitioner points out that in 2018, the Michigan Supreme Court amended the Michigan Court Rules to create a mailbox rule for *pro se* prisoners who file motions

8

to withdraw a plea, to correct an invalid sentence, or for a new trial. ECF No. 11, PageID.1869; ECF No. 12, PageID.1873-74; *see* Mich. Ct. R. 6.310(C)(5) and the Staff Comment to the First September 2018 Amendment; Mich. Ct. R. 6.429(B)(5) and the Staff Comment to the Second May 2018 Amendment; Mich. Ct. R. 6.431(A)(5). Petitioner, however, filed his post-conviction motion before these rules became effective, and he filed a motion for relief from judgment, not a motion to withdraw a plea, to correct an invalid sentence, or for a new trial. Accordingly, the amended court rules are not applicable here. The Court must treat Petitioner's motion for relief from judgment as filed on October 6, 2015, the date that the state trial court time-stamped the motion "filed." ECF No. 10-14, PageID.1389; ECF No. 10-1, PageID.317.

The federal limitations period was tolled under 28 U.S.C. § 2244(d)(2) for the entire time that Petitioner's motion for relief from judgment was pending in state court. *See Carey v. Saffold*, 536 U.S. 214, 219–20 (2002) (stating "that an application is pending [for purposes of 28 U.S.C. § 2244(d)(2)] as long as the ordinary state collateral review process is 'in continuance'—*i.e.,* 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'").

On March 5, 2018, the Michigan Supreme Court denied leave to appeal the trial court's denial of Petitioner's motion for relief from judgment. This concluded the state courts' collateral review of Petitioner's convictions. Therefore, on March 6, 2018, the federal limitations period resumed running.[2] This left Petitioner with 239 days, or until the end of the day on October 30, 2018, to file his habeas corpus petition, because the limitations period ran 126 days before Petitioner filed his motion for relief from judgment.

As discussed above, a federal habeas corpus petition "is considered filed when the prisoner provides the petition to prison officials for filing." *Keeling v. Warden, Lebanon Corr. Inst.,* 673 F.3d 452, 456 (6th Cir. 2012) (citing *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)).

> Cases expand the understanding of this handing-over rule with an assumption that, absent contrary evidence, a prisoner does so on the date he or she signed the complaint. *See, e.g., Goins v. Saunders*, 206 Fed. Appx. 497, 498 n. 1 (6th Cir. 2006) (per curiam) ("[W]e treat the petition as filed on the date [the prisoner] signed it."); *Bomar v. Bass*, 76 Fed. Appx. 62, 63 (6th Cir. 2003) (order); *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (order).

*Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

---

[2] The limitations period is not tolled during the time that a habeas petitioner could have appealed to the United States Supreme Court following the conclusion of state collateral review. *Lawrence v. Florida*, 549 U.S. 327, 329-332 (2007).

Petitioner did not date his habeas corpus petition, but it was mailed to the Court on November 8, 2018. Thus, the Court considers the petition filed on November 8, 2018. The petition was filed eight days late.

**C. Petitioner's Motion for Equitable Tolling**

Petitioner concedes that he missed the filing deadline for his habeas petition. ECF No. 11, PageID.1863-64; ECF No. 12, PageID.1874. He urges the Court to equitably toll the limitations period due to circumstances that were beyond his control and that stood in his way of filing a timely habeas petition. *Id*.

AEDPA's statutory limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court, however, has "made clear that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (internal citations omitted)).[3]

---

[3] Petitioner contends that the five factors set forth in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1998), must be evaluated when considering whether a habeas petitioner is entitled to equitable tolling. ECF No. 11, PageID.1865 and 1868. The five factors that the Sixth Circuit identified in *Andrews* as being pertinent to a decision on whether to apply equitable tolling in a given case are:

> (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights;

To support his argument for equitable tolling, Petitioner alleges that, although his habeas petition was ready on August 9, 2018, and he asked the prison accounting office for a certified statement of his prison account on the same day, prison officials did not complete and sign his account certificate until October 8, 2018. ECF No. 11, PageID.1862-63, 1870-71; *see also* ECF No. 2, PageID.279-80 (showing that Petitioner signed his financial application on August 9, 2018, and that a state official signed the Certificate of Prisoner Account Activity on October 8, 2018).

Petitioner also alleges that there were a limited number of days and times when he could visit the prison library to make copies. Finally, he claims that, because his assignment hours and the unit counselor's office hours were not synchronized at the time, he had to contact a manager in a different housing unit to facilitate the expedited legal mail process for his habeas petition. ECF No. 11, PageID.1863. Petitioner concludes that the delay in acquiring his account certificate and copies and in arranging for expedited mailing of his documents was due to

---

> (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

*Andrews*, 851 F.2d at 151.

In 2011, the Sixth Circuit adopted *Holland's* two-part test for determining whether a habeas petitioner is entitled to equitable tolling. *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011). Thus, it is no longer appropriate to use the five *Andrews* factors when determining whether a habeas petitioner is entitled to equitable tolling of the habeas statute of limitations.

12

governmental interference. He maintains that the governmental interference was beyond his control and constituted an extraordinary circumstance justifying equitable tolling of the limitations period. *Id*. at PageID.1864, 1868-69, 1871.

Petitioner's allegation that he was unable to file his habeas petition sooner because he had limited access to the prison library to make copies of the petition lacks merit, because he actually filed his petition without submitting the required two copies. *See* ECF No. 5. Furthermore, a petitioner's *pro* se status and limited law-library access do not warrant equitable tolling of AEDPA's limitations period. *Hall*, 662 F.3d at 750-52.

Petitioner's contention that he was waiting for a state official to certify his prison account statement also lacks merit, because the certified account statement was signed on October 8, 2018, three weeks before the filing deadline. *See* ECF No. 2, PageID.280. Moreover, a delay in "obtaining financial certifications from the prison's accounting office does not rise to the level of an 'extraordinary circumstance' capable of supporting an application of the equitable tolling doctrine." *Henry v. Warden, Perry Corr. Inst*., No. 4:13-1868-MGL, 2014 WL 2740319, at *1 (D. S.C. June 17, 2014).

Although Petitioner's affidavit at the bottom of the certified account statement was not notarized until November 7, 2018, Petitioner could have filed his habeas petition and the application to proceed *in forma pauperis* without having a notary

13

public sign his financial affidavit regarding the fees or costs for this action. The Court would have accepted and filed the habeas petition and the *in forma pauperis* application without the notary's signature. In fact, the Clerk of Court is required to file a habeas petition even if the petition is deficient in some way. *See* Fed. R. Civ. P. 5(d)(4) ("The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice."); Rule 3(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("The clerk must file the petition and enter it on the docket."); Advisory Committee Note to the 2004 Amendments to Habeas Rule 3(b) (stating that, pursuant to Rule 3(b), "the clerk would . . . be required . . . to file the petition even though it lacked the required filing fee or an *in forma pauperis* form").

To summarize, the lack of copies or a certified statement of Petitioner's prison account activity would not have been obstacles to filing a habeas petition. Furthermore, because Petitioner alleges that his habeas petition was ready as early as August 9, 2018, he should have been able to mail his habeas petition to the Court before the one-year statute of limitations expired.

Petitioner has failed to show that an extraordinary circumstance or governmental interference beyond his control stood in his way of filing a timely habeas petition. Accordingly, the Court declines to equitably toll the limitations period.

### D. Actual Innocence

Actual innocence, if proved, serves as a gateway through which a habeas petitioner may pass when the impediment to considering the merits of his constitutional claims is expiration of the statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Petitioner, however, does not claim to be innocent, and "AEDPA's time limitations apply to the typical case in which no allegation of actual innocence is made." *Id*. at 394. Petitioner, therefore, is not entitled to pass through the actual-innocence gateway and have his claims heard on the merits.

### IV. CONCLUSION

Accordingly, Petitioner's motion for equitable tolling [#11] is **DENIED**. The State's motion to dismiss the habeas petition [#9] is **GRANTED**, and the habeas petition is **DISMISSED** with prejudice. Further, a certificate of appealability is **DENIED** because reasonable jurists would not find it debatable whether the Court's procedural ruling is correct or whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Additionally, Petitioner may proceed *in forma pauperis* if he appeals this decision because he was granted *in forma pauperis* status in this Court [#3], and an appeal may be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

**IT IS SO ORDERED.**

                                          s/Gershwin A. Drain
                                          GERSHWIN A. DRAIN
                                          UNITED STATES DISTRICT JUDGE

Dated: January 31, 2020

## CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 31, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager